UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

DETROY LIVINGSTON,
                    Plaintiff,


-against-


CARL KOENIGSMANN, M.D., Health
Service Deputy Commissioner/Chief
Medical Officer for the Department
of Correction and Community Super-
vision (DOCS); ANTHONY J. Annucci,
Acting commissioner of DOCCS; THOMAS
GRIFFIN, Superintendent of Green
Haven Correction Facility (GHCF);
WILLIAM LEE, former Superintendent
for GHCF; FREDERICK N. BERNSTEIN,
Director of Facility Health Service
for GHCF; LESLIE R. CASEY, Nurse
Administrator for GHCF; ROBERT V.
BENTIVEGNA, Director of Facility
Health Service for GHCF,
                    Defendants.

_____

**17CV7218**

PRISONER CIVIL RIGHTS
COMPLAINT PURSUANT TO
42 U.S.C. §1983


DOCKET NO. _____



JURY TRIAL DEMANDED


## PRELIMINARY STATEMENT

        PLEASE TAKE NOTICE, pursuant to 28 U.S.C. §1654 and 42 U.S.C. §1983, and Rule 3 of the Federal Rules of Civil Procedure, this is civil rights action hereby commenced by Detroy Livingston, a New York State prisoner, for damages for violation of the Eighth and Fourteenth Amendments to the United States Constitution. Plaintiff asserts State law claims against the defendants for violations of New York Public Health Law and New York Public Officer Law, and asserts a negligence tort for failing to properly protect him from contracting an infectious disease from another inmate while in Green Haven Correctional Facility (GHCF).

1

## VENUE AND JURISDICTION

1. Venue is appropriate in this judicial district under 28 U.S.C. §1391(e)(2), due to the events giving rise to plaintiff's claims at all relevant dates and approximate times was initiated in this judicial district, i.e., Dutchess County of the State of New York.

2. In accordance with Fed. R. Civ. P. 8(a)(1), this civil rights action arises under violations of the Eighth and 14th Amendments to the United States Constitution, 42 U.S.C. §1983. Jurisdiction is invoked pursuant to 28 U.S.C. §§112(b), 1331, 1343, 1391, 2201, and 2203.

3. Pursuant to Fed. R. Civ. P. 38, plaintiff hereby demand a trial by jury of this civil rights litigation.

### Parties

4. Detroy Livingston, is the pro se plaintiff in this civil rights action. Plaintiff's current address is Auburn Correctional Facility -Box 618- Auburn, N.Y. 13024.

5. Carl J. Koenigsmann, a Deputy Commissioner/Chief Medical officer of the New York State Department of Correction and Community Supervision (DOCCS), Defendant Koenigsmann's current address is DOCCS -1220 Washington Avenue- Albany, N.Y. 12226, he is sued in his official and individual capacities.

6 Anthony J. Annucci, acting Commissioner of the NYS DOCCS, last known address is DOCCS -1220 Washington Avenue- Albany, N.Y. 12226, he is sued in his official and individual capacities.

7. Thomas Griffin, Superintendent of Green Haven Correction Facility current address Green Haven C.F. -Box 4000- Stormville, N.Y. 12582, he is sued in his official and individual capacities.

8. William Lee, Former Superintendent of Green Haven C.F., current

address is Eastern C.F. -Box 338- Napanoch, N.Y.12458, he is sued in his official and individual capacities.

9. Frederrick M. Bernstein, Director of Facility Health Services for Green Haven C.F., current address is Green Haven C.F. -Box 4000- Stormville, N.Y. 12582, he is sued in his official and individual capacities.

10. Leslie R. Carey, Nurse Administrator for Green Haven C.F. -Box 4000- Stormville, N.Y. 12582, she is sued in her official and individual capacities.

11. Robert V. Bentivegna, Director of Facility Health Services for Green Haven C.F., current address is Green Haven C.F. -Box 4000- Stormville, N.Y. 12582, he is sued in his official and individual capacities.

12. All defendant are employed by DOCCS and have acted and continue to act under the color of state law at all times relevant to this complaint herein. Plaintiff exhausted administrative remedies in that his grievance satisfied the "minimal notice requirement" before bringing this action.

## FACTS

13. On February 22, 2015, after smoking with his next cell neighbor (G4-159 cell) in Green Haven C.F., whom plaintiff only knew as "Trigga" at approximately 10:30 P.M. At about 11 o'clock P.M., plaintiff flossed his teeth in preparation for bed. When plaintiff awoke on February 23, 2015, he noticed that his rightside of his face was looking and feeling strange, it was sagging and felt numb. On February 24, 2015, plaintiff saw the Green Haven C.F., Medical

provider regarding the rightside of his face. Plaintiff was told that he was possible suffering from Bell's palsy, but was sent out to Putnam County Hospital as a precaution to rule out a Stroke as the cause of the facial condition. Several medical test were perform by the Putnam County Hospital staff which determined that plaintiff was indeed suffering from Bell's palsy and caused by the communicable herpes virus, which was told to him by the hospital medical doctor.

Because there is no cure for herpes plaintiff will have to live with this highly infectious and communicable disease, and the rightside of his face is permanently paralyzed.

## STATEMENT OF CLAIM

14  Plaintiff contends that all defendants had knowledge of the infectious disease presence in Green Haven Correctional Facility, but jointly and/or separately, failed to exercise due regard for his safety and health by willfully allowing him to enter and remain in an area of Green Haven Correctional Facility wherein he was continuously exposed to an inmate that was infected with the infectious and communicable herpes virus. Pursuant to Fed. R. Civ. P. 8(a)(2), plaintiff hereby commence this civil rights action based upon the following cause of action.

## FIRST CAUSE OF ACTION

### Failure to Protect by Defendant Koenigsmann

15  Plaintiff hereby repeats and realleges each and every allegations contained in paragraphs 1-14 above, as if the same were

fully set forth herein

16. As the Chief Medical Officer for the Department of Correction and Community Supervision (DOCCS) defendant Koenigsmann had a duty to prevent the spread of communicable diseases.

17. Because of the initial medical screening of all prisoners entering DOCCS defendant Koenigsmann was made aware that plaintiff's next cell neighbor was infected with herpes.

18. In furtherance of DOCCS objective with due regard to the health and safety of every person, including plaintiff, in the custody of New York State prisons defendant failed to provide vital information that a case of active and highly contagious herpes virus existed in Green Haven Correctional Facility (GHCF) on or about February 22, 2015

19. As such, defendant Koenigsmann breached his duty to protect by not providing relevant information to the prison population and plaintiff of activities not to participate in as a direct result of that breach plaintiff was infected with herpes from smoking with his next cell neighbor.

20. As a result, plaintiff suffer from a permanent case of Bell's parlsy, the rightside of his face is paralyze.

21. Also, since there is no cure for herpes plaintiff must live with this highly infectious disease and alter his lifestyle forever.

## SECOND CAUSE OF ACTION

### Failure to Protect by Defendant Annucci

22. Plaintiff hereby repeats and realleges each and every allegation contain in paragraphs 1-21 above, as if the same were fully set forth herein.

23   As the acting Commissioner of DOCCS defendant Annucci had a duty
to protect plaintiff and preserve his health.

24   Defendant Annucci is the maker of policies and procedures that
will be utilize to ensure the safety of the persons in DOCCS custody
be protected from unreasonable risk of contracting a communicable
disease.

25   As such, defendant Annucci allowing an inmate with a contagious
or communicable disease like herpes to be incarcerated in the midst
of other prisoners, without any precautions to keep others disease
free violated required standard.

26   Defendant Annucci kwen or should have known that the infected
inmate had herpes, and should have taken prophylactic steps that he
could not spread his disease.

27   It was defendant Annucci's responsibility that once the infected
inmate was committed to DOCCS custody, prison services such as
placement and health care and prevention services were essential to
stop the spread of the communicable disease.

## THIRD CAUSE OF ACTION

### Failure to Protect by Defendant Griffin

28   Plaintiff hereby repeats and realleges each and every allegation
contain in paragraphs 1-27 above, as if the same were fully set
forth herein.

29   As Superintendent of Green Haven Correction Facility (GHCF)
defendant Griffin had an obligation and a duty to warn the prison
population of exposure to the communicable and infectious herpes
virus that was present in GHCF.

30   As the Superintendent of GHCF defendant fail to exercise and/or
make policies and procedures to prevent the infection of herpes in
GHCF

6

31    Defendant Griffin knew or should have known that the inmate with a highly contagious herpes virus was present in GHCF and he failed to take prophylactic steps to prevent the danger of the disease being spread to others.

32    Defendant Griffin did not take any reasonable measures to guarantee that plaintiff did not contract the herpes virus that he knew existed in GHCF.

33    Defendant Griffin knew of and disregarded the excessive risk to the health of the prison population in GHCF.

34    This defendant was aware of the herpesvirus that existed and despite his knowledge there were no precautions or warning to the prison population that this disease is communicable by smoking.

## FOURTH CAUSE OF ACTION

### Failure to Protect by Defendant Lee

35    Plaintiff hereby repeats and realleges each and every allegation contain in paragraphs 1-34 above, as if the same were fully set forth herein.

36    Defendant Lee was the Superintendent of GHCF at the time when the inmate infected with herpes was incarcerated in GHCF.

37    Defendant Lee made no effort to ensure that the inmate with the infectious herpes virus did not infect others in the day to day operations of GHCF.

38    Defendant Lee did not devise any protocol or otherwise protection to control that the inmate cannot infect others in GHCF.

39    Defendant Lee did not warn the prison population of the existence of herpes in GHCF.

40. Defendant Lee created a health hazard when he did nothing to prevent the spread of herpes in GHCF.

41. Defendant Lee betrayed the entrustment to keep the prisoners in GHCF safe and healthy when he disregarded the danger that herpes presented.

## FIFTH CAUSE OF ACTION

### Failure to Protect by Defendant Bernstein

42. Plaintiff hereby repeat and realleges each and every allegations contain in paragraphs 1-41 above, as if the same were fully set forth herein.

43. Defendant Bernstein is a Medical Doctor in GHCF and is also one of the Director of Facility Health Services in the prison, as such he should know all the inmates that is infected with serious and communicable diseases such as herpes.

44. Defendant Bernstein knew that the highly contagious herpes virus existed in GHCF and did not warn the prison population of the danger.

45. Defendant Bernstein did not devise any protocol or plan to control the spread of herpes in GHCF.

46. Defendant Bernstein should have known that herpes is a highly infectious disease which may be communicable to others through smoking with an infected person.

47. Defendant Bernstein was aware of the existence of herpes in the prison population due to his failure to devise a plan to contain the disease caused plaintiff to contract herpes.

48. Defendant Bernstein should have known the risk of smoking with another inmate with highly communicable and infectious disease of herpes and contracting said disease was foreseeable.

## SIXTH CAUSE OF ACTION

### Failure to Protect by Defendant Carey

49. Plaintiff hereby repeats and realleges each and every allegation contain in paragraphs 1-48 above, as if the same were fully set forth herein.

50. Defendant Carey is the Nurse Administrator in GHCF, as such she review all medical records of inmates when they arrive in GHCF.

51. Defendant Carey knew or should have known that herpes existed in GHCF which is highly communicable and dangerous to the prison population.

52. The knowledge of the inmate infected with herpes gave notice to defendant Carey to protect the prisoners in GHCF from the infectious disease.

53. Defendant Carey failed to protect plaintiff from contracting herpes when she did not notify him that an inmate in GHCF is infected that could have prevented plaintiff from contracting herpes.

54. Defendant Carey failure to protect plaintiff from the communicable disease results in conformity with the health codes involved a breach of duty to plaintiff.

55. Defendant Carey failed to exercise due regard for plaintiff safety and health by willfully allowing him to enter and remain in an area of GHCF wherein he was continuously exposed to an inmate that was infected with the infectious herpes virus.

## SEVENTH CAUSE OF ACTION

### Failure to Protect by Defendant Bentvegna

56. Plaintiff hereby repeats and realleges each and every allegation

contain in paragraph 1-56 above, as if the same were fully set
forth herein

57. Defendant Pentivegna as the Medical Doctor in RWCF and one of
the Director of Facility Health Services had substantial interest in
pursuing programs to treat those infected with diseases and in
taking steps to prevent further transmissions.

58. Defendant Pentivegna knew that the highly contagious herpes
virus existed in RWCF and did not warn the prison population of the
danger.

59. Defendant Pentivegna was negligent in choosing how to deal with
inmates infected with the herpes virus by placing him in close
proximity to uninfected prisoners without warning or other necessary
precautions.

60. Defendant Pentivegna did not devise any protocol or plan to
control the spread of the herpes virus in RWCF.

61. Defendant Pentivegna did not warn the prison population that the
herpes virus can be contracted by smoking with an infected person.

62. It was the duty of defendant Pentivegna to guard against and
**prevent the transmission of any infectious disease, including herpes**
**virus, and took no steps to stop plaintiff from contracting the**
**virus.**

## RELIEF REQUESTED

WHEREFORE, plaintiff request that the Court grant the
following relief:

i) Issue a declaratory judgment, declaring that the defendant
violated plaintiff's federal constitutional rights when they:

a. negligently subjected plaintiff to an inmate infected

with the herpes virus.

ii) Issue an Injunction relief, declaring that the defendants:

a. When appropriate must warn the prison population of the existence of infectious and communicable viruses and/or diseases in the prison.

b. Must give the prison population adequate description of activities that will cause the contraction of the virus and/or disease.

iii) Declaring that plaintiff is entitle to reasonable attorney fees, and the cost associated with prosecuting this action.

iv) Grant plaintiff compensatory damages against each defendant in the amount of One million Five hundred thousand dollars ($1,500,000).

v) Grant plaintiff punitive damages against each defendant in the amount of Two million Five hundred thousand dollars ($2,500,000).

vi) And pray for such further relief as this Court may deem just, proper and equitable.

Dated: Sept. 15, 2017

Respectfully submitted,

Detroy Livingston, pro se

Sworn to before me this

_____ day of _____, 2017

_____
Notary

11

Detroy Livingston
Box 618
Auburn, N.Y. 13024
#87T0985   C15-36

Pro S

United Stat

Southern D

500 Pe

New York