UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

DETROY LIVINGSTON,                    :

                 Plaintiff,         :

                                  :

v.                                  :

                                  :

CARL KOENIGSMANN, M.D., Health    :
Service Deputy Commissioner/Chief Medical   :
Officer for the Department of Corrections and   :     **OPINION AND ORDER**
Community Supervision (DOCCS);       :
ANTHONY J. ANNUCCI, Acting        :     17 CV 7218 (VB)
Commissioner of DOCCS; THOMAS      :
GRIFFIN, Superintendent of Green Haven    :
Correctional Facility (GHCF); WILLIAM     :
LEE, Former Superintendent for GHCF;     :
FREDERICK N. BERNSTEIN, Director of    :
Facility Health Service for GHCF; LESLIE R.   :
CASEY, Nurse Administrator for GHCF; and   :
ROBERT V. BENTIVEGNA, Director of     :
Facility Health Service for GHCF,       :

                Defendants.     :

------------------------------------------------------------x

Briccetti, J.:

      Plaintiff Detroy Livingston, proceeding pro se and in forma pauperis, brings this action

under 42 U.S.C. § 1983 against defendants Carl Koenigsmann, M.D., Health Service Deputy

Commissioner/Chief Medical Officer for the New York State Department of Corrections and

Community Supervision ("DOCCS"); Anthony J. Annucci, Acting Commissioner of DOCCS;

Thomas Griffin, Superintendent of Green Haven Correctional Facility ("Green Haven"); William

Lee, Former Green Haven Superintendent; Frederick N. Bernstein, Green Haven Director of

Facility Health Service; Leslie R. Casey, Green Haven Nurse Administrator; and Robert V.

Bentivegna, Green Haven Director of Facility Health Service, for violating plaintiff's Eighth and

Fourteenth Amendment rights.  Plaintiff also sues defendants under New York state law for

negligence and statutory violations.

Before the Court is defendants' motion to dismiss the complaint pursuant to Rule 12(b)(6).  (Doc. #22).

For the reasons set forth below, the motion is GRANTED.

The Court has subject matter jurisdiction under 28 U.S.C. § 1331.

## BACKGROUND

For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded factual allegations in the complaint, and draws all reasonable inferences in plaintiff's favor, as summarized below.

On February 22, 2015, at around 10:30 p.m., plaintiff, a prisoner incarcerated at Green Haven, smoked an unspecified substance with a cell neighbor.  When plaintiff awoke the next morning, the right side of his face looked and felt strange, was sagging, and felt numb.

On February 24, 2015, plaintiff saw prison medical staff regarding his symptoms.  He was told he may have Bell's palsy and was sent to a hospital to rule out a stroke.  A hospital physician diagnosed plaintiff with Bell's palsy caused by a communicable herpes virus.  A nurse at Green Haven later told plaintiff he "got [herpes] from smoking after people," and a nurse practitioner told plaintiff the palsy was caused by chicken pox. (Doc. #25).

According to the complaint, the right side of plaintiff's face is permanently paralyzed, and plaintiff "will have to live with" herpes, for which there is no cure, indefinitely.  (Compl. ¶ 13).

Plaintiff alleges Koenigsmann "was made aware" that plaintiff's cell neighbor had herpes, because DOCCS subjects all entering prisoners to an initial medical screening.  (Compl. ¶ 17).  Plaintiff also alleges Bentivegna and Bernstein knew, and Annucci, Griffin, and Carey

knew or should have known, that an inmate with a highly infectious, communicable herpes virus was present at Green Haven.

Plaintiff accuses defendants of failing to "exercise due regard" for his health and safety by willfully permitting him to remain at Green Haven despite knowing another inmate there had herpes; failing to warn him not to engage in behaviors through which herpes can be contracted; and failing to implement protocols to prevent the spread of herpes at Green Haven. (Compl. ¶ 14). The complaint also accuses defendants of committing negligence and violating unspecified provisions of the New York Public Health Law and the New York Public Officers Law.

## DISCUSSION

I.   <u>Standard of Review</u>

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the U.S. Supreme Court in <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. <u>Id</u>. at 678; <u>Hayden v. Paterson</u>, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the complaint's allegations must meet a standard of "plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. at 678; <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 564 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 556).

The Court must liberally construe a pro se litigant's submissions and interpret them "to raise the strongest arguments that they suggest." Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation and citation omitted). Applying the pleading rules permissively is particularly appropriate when, as here, a pro se plaintiff alleges a civil rights violation. See Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008). "Even in a pro se case, however, . . . threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation and citation omitted). Nor may the Court "invent factual allegations" a plaintiff has not pleaded. Id.

II.    Eighth Amendment

Defendants argue plaintiff fails to state an Eighth Amendment claim for failure to protect. The Court agrees.

As an initial matter, plaintiff asserts failure to protect claims under both the Eighth and Fourteenth Amendments. Because plaintiff was a post-conviction inmate when the events giving rise to his claims occurred, the Eighth Amendment standard applies. Caiozzo v. Koreman, 581 F.3d 63, 69 (2d Cir. 2009), overruled on other grounds by Darnell v. Pineiro, 849 F.3d 17 (2d Cir. 2017).

An Eighth Amendment claim against a prison official for failure to protect must satisfy both an objective and a subjective component. That is, the deprivation of rights must be "sufficiently serious," and the prison official must have acted with "'deliberate indifference' to

the health and safety of inmates." Randle v. Alexander, 960 F. Supp. 2d 457, 470 (S.D.N.Y. 2013) (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994)).

First, the objective component of a failure to protect claim is satisfied by a showing that a prison official exposed a prisoner to conditions that "pose an unreasonable risk of serious damage to his future health." Helling v. McKinney, 509 U.S. 25, 35 (1993). In this context, "[t]here is no 'static test' to determine whether a deprivation is sufficiently serious; instead, 'the [prison] conditions themselves must be evaluated in light of contemporary standards of decency.'" Darnell v. Pineiro, 849 F.3d 17, 30 (2d Cir. 2017) (quoting Blissett v. Coughlin, 66 F.3d 531, 537 (2d Cir. 1995)).

Second, the subjective component is satisfied by demonstrating that a prison official acted with deliberate indifference. To do so, plaintiff must show that the official subjectively "kn[e]w of, and disregard[ed], an excessive risk to inmate health or safety." Jabbar v. Fischer, 683 F.3d 54, 57 (2d Cir. 2012) (citing Farmer v. Brennan, 511 U.S. at 837). A prison official who should have, but did not, perceive such a risk has not acted with deliberate indifference. Id. (citing Farmer v. Brennan, 511 U.S. at 838).

Plaintiff's complaint fails to plausibly allege either component.

Plaintiff's assignment to the same facility as an inmate with herpes did not pose an unreasonable risk of serious damage to plaintiff's health. Moreover, defendants' alleged failure to warn plaintiff an inmate at Green Haven had herpes or inform plaintiff how to avoid contracting the herpes virus plainly did not pose a health or safety risk sufficiently serious to trigger constitutional protection.

Likewise, plaintiff has not plausibly alleged any defendant acted with deliberate indifference. Aside from brief, conclusory statements that certain defendants knew, or

alternatively should have known, another inmate at Green Haven had herpes, the complaint contains no allegation that any defendant knew of and disregarded an excessive health or safety risk.

Accordingly, plaintiff's failure to protect claims are dismissed.

III.     State Law Claims

The complaint alleges state law claims for negligence and statutory violations. Pursuant to 28 U.S.C. § 1367(c)(3), having dismissed plaintiff's federal claims, the Court declines to exercise supplemental jurisdiction over any state law claims in the complaint.

IV.     Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) instructs that courts "should freely give leave" to amend a complaint "when justice so requires." Liberal application of Rule 15(a) is warranted with respect to pro se litigants, who "should be afforded every reasonable opportunity to demonstrate that [they have] a valid claim." Matima v. Celli, 228 F.3d 68, 81 (2d Cir. 2000) (quoting Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984)). District courts "should not dismiss [a pro se complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (quoting Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999)).

However, leave to amend may "properly be denied for . . . 'futility of amendment.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371

U.S. 178, 182 (1962)).  This is true even when a plaintiff proceeds pro se.  See Martin v.

Dickson, 100 F. App'x 14, 16 (2d Cir. 2004) (summary order).[1]

The Court concludes the facts and circumstances alleged in the complaint, even liberally

construed, do not give any indication that a valid claim over which the Court has jurisdiction

might be stated.

Accordingly, the Court concludes plaintiff would not be able to state a valid claim if

given opportunity to amend his complaint; thus, amendment would be futile.  The Court

therefore declines to grant plaintiff leave to amend.

## CONCLUSION

The motion to dismiss is GRANTED.

The Clerk is instructed to terminate the motion (Doc. #22) and close this case.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order

would not be taken in good faith, and therefore in forma pauperis status is denied for the purpose

of an appeal.  See Coppedge v United States, 369 U.S. 438, 444–45 (1962).

Dated:  November 19, 2018
        White Plains, NY


                    SO ORDERED:



                    _____
                    Vincent L. Briccetti
                    United States District Judge

---

[1]     Plaintiff will be provided copies of all unpublished opinions cited in this decision.  See
Lebron v. Sanders, 557 F.3d 76, 79 (2d Cir. 2009).